IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADRIENNE DAWSON TODD,

Plaintiff,

v.

NANCY A. BERRYHILL, Commissioner of Social Security,

Defendant.

Civil Action No. 1:18-cv-00415-RGA

**MEMORANDUM**

Presently before me are Plaintiff Adrienne Todd's Motion for Summary Judgment (D.I. 18) and Defendant's Cross-Motion for Summary Judgment (D.I. 21). The Parties have fully briefed the issues. (D.I. 19, 22, 23). For the reasons set out below, I will remand Ms. Todd's case for further consideration consistent with this opinion.

**I. BACKGROUND**

This action arises from the denial of Ms. Todd's claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.[1] Ms. Todd filed her benefits application on April 19, 2013. (Tr. at 15). She alleged disability beginning August 18, 2012 due to anxiety, status-post left rotator cuff repair, status-post spinal fusion, and status-post torn meniscus. (Tr. at 15, 232). Her application was denied at the initial and reconsideration levels.

---

[1] The record from the administrative proceeding is attached as exhibits to docket items 8 and 9 ("Tr.").

(Tr. at 143-54). Ms. Todd requested and received a hearing before an administrative law judge ("ALJ"). (Tr. at 156-57).

The ALJ held an administrative hearing on July 12, 2016. (Tr. at 41-81). Ms. Todd and a vocational expert testified. (*Id.*). The ALJ issued a decision denying Ms. Todd's request for Disability Insurance Benefits on January 11, 2017. (Tr. at 12-31). The ALJ found that, through the date Ms. Todd was last insured, she had many severe impairments:

> knee disorder, carpal tunnel syndrome, status post left shoulder arthroscopy, status post cervical fusion, chronic headaches, diffuse chronic pain, back disorder, phlebitis and thrombophlebitis, status post revision of gastrojejunal anastomosis, status post gastric bypass, history of lupus, fibromyalgia, rheumatoid arthritis, neuropathy, left ulnar neuropathy, obesity, anxiety, major depressive disorder, and panic disorder.

(Tr. at 17). Considering these impairments, the ALJ made a residual functional capacity ("RFC") finding that stipulated: sedentary work, unskilled work, no exposure to more than moderate noise intensity, no more than occasional postural activity, no kneeling, no crawling, no climbing, no overhead reaching, no more than occasional use of ramps and stairs, no work at exposed heights, no more than occasional work around moving machinery, no pushing or pulling with lower extremities, no more than frequent fingering, and no more than occasional exposure to atmospheric irritants. (Tr. at 21). Based on the vocational expert's testimony that, despite these limitations, work existed in the national economy for Ms. Todd, the ALJ found Ms. Todd was not disabled. (Tr. at 30).

Ms. Todd requested review by the Appeals Council and was denied. (Tr. at 1-6). She filed this action on March 16, 2018. (D.I. 1).

## II. LEGAL STANDARD

The Commissioner must follow a five-step sequential analysis when determining if an individual is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine whether the

applicant: (1) is engaged in substantial gainful activity; (2) has a "severe" medical impairment; (3) suffers from an impairment that is listed in the regulation's appendix; (4) can still perform past relevant work; and (5) can perform any other work existing in significant numbers in the national economy. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. § 404.1520).

A reviewing court is limited to determining whether the Commissioner's factual findings are supported by "substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). In reviewing whether substantial evidence supports the Commissioner's findings, the court may not "re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). The reviewing court must defer to the ALJ and affirm the Commissioner's decision, even if it would have decided the factual inquiry differently, so long as substantial evidence supports the decision. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

The reviewing court must also review the ALJ's decision to determine whether the correct legal standards were applied. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The court's review of legal issues is plenary. *Id.*

### III. DISCUSSION

Ms. Todd only challenges the ALJ's step five analysis. Specifically, she challenges whether the ALJ considered her ability to sustain work and whether the ALJ's RFC finding adequately accounted for all of her impairments.

Ms. Todd argues that the ALJ failed to consider whether she is able to sustain work prior to finding that she was not disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

3

impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). As part of the disability analysis, an ALJ is required to consider whether a claimant is able "to do sustained work activities in an ordinary work setting on a regular and continuing basis." SSR 96-8P at *2 (S.S.A. July 2, 1996). A "regular and continuing basis" is "8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* Thus, in addition to physical and mental limitations, the ALJ must consider the frequency of a claimant's impairment-related hospitalizations and medical appointments when determining whether the claimant is disabled. *See Kangas v. Bowen*, 823 F.2d 775, 778 (3d Cir. 1987) (holding that the ALJ should have considered the claimant's six hospitalizations in a sixteen-month period when formulating an RFC finding); *Ashe v. Berryhill*, 2019 WL 1430243, at *11 (D. Del. Mar. 29, 2019) (finding that the ALJ's failure to consider evidence of work-preclusive absenteeism "render[ed] meaningful judicial review of his determination impossible" and remanding for additional proceedings on the issue).

The ALJ did not consider Ms. Todd's ability to sustain work on a regular and continuing basis. The record reflects that Ms. Todd received medical treatment on 72 days between August 18, 2012 (alleged disability onset date) and August 12, 2013, an average of six days a month. (D.I. 19 at 4 n.2 (summarizing the record)). At the hearing, the vocational expert testified that missing one or two out of every eight hours of work would exceed workplace tolerances and would be "work preclusive." (Tr. at 77-78). Assuming each appointment required Ms. Todd to miss just half of a work day, Ms. Todd was absent, on average, 1.2 hours per day during the relevant period. The ALJ's decision does not address the evidence of Ms. Todd's frequent disability-related absences or the vocational expert's testimony on the impact of such absences. Because the ALJ's decision fails to evaluate the effect of Ms. Todd's frequent medical

appointments on her ability to sustain work, I conclude the ALJ's finding of no disability is legally insufficient and must be reconsidered. I will remand the case for further consideration of Ms. Todd's ability to sustain work.

Ms. Todd also argues that the RFC finding failed to account for her moderate difficulties in concentration, persistence or pace. (D.I. 19 at 8-10; *see also* Tr. at 20 (finding such a limitation)). A vocational expert's testimony does not provide substantial evidence for an ALJ's determination if the hypothetical question, derived from the RFC finding, fails to adequately incorporate all of a claimant's limitations. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004); *see also Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) ("A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence."). Defendant argues that the RFC finding covered Ms. Todd's moderate difficulties in concentration, persistence or pace by including a limitation to "unskilled work." (D.I. 22 at 4-5). Unskilled work is not, however, a mental ability. (D.I. 19, Exh. A at 29). Rather, it is a vocational description. (*Id.*). Examples of mental abilities include "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." (*Id.*). Despite the ALJ's finding of moderate difficulties in concentration, persistence or pace, the RFC finding includes no mental limitations. (*See* Tr. at 21). Vocational expert testimony, based on a vocational expert hypothetical and an RFC finding without any mental

limitations, does not provide substantial evidence for the ALJ's finding that Ms. Todd is not disabled.[2] Thus, I will also remand for further consideration of the RFC finding.

IV. CONCLUSION

The ALJ failed to fully consider Ms. Todd's ability to sustain work and did not adequately incorporate all of her limitations in the RFC finding. I will remand the case for further consideration consistent with this opinion.[3]

---

[2] This case is distinguishable from a case that I recently decided, *Jopson v. Astrue*, 2018 WL 5630583 (D. Del. Oct. 31, 2018). In *Jopson*, the vocational expert hypothetical included a limitation to "*simple*, unskilled, light work." *Id.* at 2 (emphasis added). "Simple" is a mental limitation and appropriately captured Ms. Jopson's moderate limitations of concentration, persistence, or pace. The cases cited by Defendant similarly included mental limitations in the contested vocational expert hypotheticals. *See Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167, 168 (3d Cir. 2014) (finding limitation to "tasks that can be learned in thirty days or less" sufficiently captured the plaintiff's moderate limitations of concentration, persistence, or pace); *McDonald v. Astrue*, 293 F. App'x 941, 946 (3d Cir. 2008) (finding limitation to "simple routine tasks" sufficiently captured the plaintiff's moderate limitations of concentration, persistence, or pace); *Menkes v. Astrue*, 262 F. App'x 410, 412-13 (3d Cir. 2008) (finding limitation to "simple, routine tasks" sufficiently captured the plaintiff's moderate limitations in concentration, persistence, or pace). Here, however, the vocational expert hypothetical included no mental limitation whatsoever.

[3] As Ms. Todd will now have a hearing before a properly appointed ALJ, I need not address her argument that the ALJ was not properly appointed. (D.I. 19 at 13-16).